# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| HAROLD JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-cv-04098 |
| | ) | |
| CITY OF CHICAGO | ) | Judge Andrea R. Wood |
| (FLEET MANAGEMENT), | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Harold Johnson, an employee of the City of Chicago Department of Fleet

Management ("DOFM"), sued DOFM  for alleged violations of the Americans with Disability

Act, 42 U.S.C. § 12132 *et seq.* ("ADA"), the Rehabilitation Act, 29 U.S.C. § 791 *et seq.*, and 42

U.S.C. § 1983; as well as alleged retaliation under the ADA and Rehabilitation Act.  (Dkt. No.

1.)  Defendant City of Chicago (the "City") has filed a motion to dismiss the complaint under

Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 24.) For the reasons stated below, the Court

grants in part and denies in part the City's motion to dismiss, and dismisses Johnson's complaint

without prejudice.

The Court accepts all well-pleaded allegations in Johnson's complaint as true for

purposes of the motion to dismiss. *See Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614,

618 (7th Cir. 2007). Johnson filed his complaint using the form Complaint of Employment

Discrimination supplied by the Clerk's Office. On the form, Johnson checked boxes indicating

that he was discriminated against under the ADA and Rehabilitation Act. (Compl. at ¶ 9.)

Johnson further indicated that DOFM terminated his employment, and retaliated against him for

asserting his rights under the ADA and the Rehabilitation Act. (Compl. at ¶ 12.) In the portion of

the form complaint asking Johnson to set forth the facts supporting his claims, Johnson stated

only: "Retaliation, disability." (Compl. at ¶ 13.) The complaint contains no further description of

the factual basis for Johnson's claims against the City. However, Johnson attached to his

complaint a copy of a Charge of Discrimination he filed with the Illinois Department of Human

Rights and the United States Equal Employment Opportunity Commission (the "EEOC

Charge"). In his EEOC Charge, Johnson stated:

> I was hired with Respondent in or around May 2005. My position is Garage Attendant. Respondent is aware of my disability. I requested a reasonable accommodation, to which I was denied. I have currently have [*sic*] an IDHR complaint (21 B-2011-02887) pending.
>
> I believe that I have been discriminated against because of my disability, and in retaliation for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended.

(Compl. at p. 8.)

To survive dismissal under Rule 12(b)(6), a complaint must contain sufficient factual

allegations "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009). The basic pleading requirement is set forth in Federal Rule of Civil Procedure

8(a)(2), under which a complaint must include "a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under

Rule 8(a)(2) must "contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'" *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*,

550 U.S. 544, 570 (2007)). "In evaluating the sufficiency of the complaint, [courts] view it in the

light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and

making all possible inferences from the allegations in the plaintiff's favor." *AnchorBank, FSB v.*

*Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). Because pleadings drafted by pro se litigants are not

held to the stringent standards expected of those prepared by lawyers, the allegations in

Johnson's complaint must be liberally construed. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th

Cir. 2001). The Court may consider the allegations stated by Johnson in his EEOC Charge in

assessing its sufficiency. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an

exhibit to a pleading is a part of the pleading for all purposes."); *Loparco v. Vill. of Richton Park*,

No. 08 C 2747, 2008 WL 4696071, at *3 (N.D. Ill. Oct. 22, 2008) (considering EEOC charge in

ruling on a motion to dismiss).

Johnson's complaint fails to state a claim for which relief may be granted. Johnson has

pleaded no facts to support his claims in either his complaint or his EEOC Charge; instead, he

has made only conclusory statements that he faced discrimination and retaliation from his

employer. This is insufficient to state a claim. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir.

2009) (courts "should not accept as adequate abstract recitations of the elements of a cause of

action or conclusory legal statements."). Although Johnson provides some additional factual

support for his claims in an affidavit filed with his response brief, a plaintiff may not amend his

complaint through arguments in a brief. *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101,

1107 (7th Cir. 1984) (a court's determination of a motion to dismiss is "limited to the

pleadings."). Because the complaint does not sufficiently allege a claim under any of the statutes

or theories of liability referenced by Johnson, the Court dismisses his complaint in its entirety.[1]

The City argues that Johnson's claims should be dismissed with prejudice under the

doctrine of *res judicata*. According to the City, Johnson's claims are barred because similar

claims were dismissed with prejudice, pursuant to a settlement agreement between Johnson and

the City, in a previous case, *Johnson v. City of Chicago et al.*, 09-cv-7224 (N.D. Ill). The Court

disagrees. The Seventh Circuit has held that "it is incorrect to grant a motion to dismiss under

---

[1] Because Johnson's complaint is dismissed in its entirety, the City's motion is denied as moot to the
extent it asks the Court to strike Johnson's request for punitive and liquidated damages.

Rule 12(b)(6) on the basis of an affirmative defense" such as *res judicata*. *Mcready v. eBay, Inc.*, 453 F.3d 882, 892 n. 2 (7th Cir. 2006); *see also D & K Properties Crystal Lake v. Mutual Life Ins. Co. of New York,* 112 F.3d 257, 259 n. 1 (7th Cir. 1997) (*res judicata* is an affirmative defense on which a defendant has the burden of proof). An exception to this rule is when a plaintiff "admit[s] all of the ingredients of an impenetrable defense" in his complaint and thereby pleads himself out of court. *Xechem, Inc. v. Bristol–Myers–Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). Here, Johnson alleges that the alleged discrimination and retaliation occurred beginning on or about September 23, 2011. (Compl. at ¶ 6.) The prior action between the parties was dismissed with prejudice on April 1, 2011. (*Johnson*, 1:09-cv-7224, at Dkt. No. 87.) Because the face of the complaint indicates that Johnson is alleging incidents that occurred subsequent to the resolution of the prior action, the Court rejects the City's argument that his complaint should be dismissed with prejudice under the doctrine of *res judicata*.

Instead, the Court finds that Johnson should be permitted to attempt to cure the deficiencies in his claim by filing an amended complaint. It is well-established that a pro se plaintiff should be afforded time to amend his complaint when it appears that by doing so, he will be able to state a claim. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996); *see also Arnett v. Webster*, 658 F.3d 742, 756 (7th Cir. 2011) (given plaintiff's pro se status and the fact that he may have been able to cure the deficiencies in his claim, the district court's dismissal for failure to state a claim should have been without prejudice). Here, it is unclear from the record whether Johnson is likely to be able to state a claim against any defendant. But, given that the information attached to Johnson's brief suggests he could plead additional facts to fill in some of the details currently missing from his complaint, Johnson should be permitted the opportunity to try to salvage his case by filing an amended complaint.

Finally, the City argues that DOFM should be stricken as a defendant in this case. According to the City, DOFM is an operating department within the organizational structure of the City of Chicago, and thus does not have the legal capacity to be sued. The Court agrees. *See Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 307 (7th Cir. 1993); *High v. Chicago Water Dep't*, No. 05 C 3547, 2005 WL 3527256, at *2 (N.D. Ill. Dec. 16, 2005). DOFM is dismissed with prejudice as a non-suable entity. Any future complaint filed by Johnson in this matter should name the City as the proper defendant.

## CONCLUSION

For the foregoing reasons, the Court dismisses the complaint in its entirety without prejudice. Johnson is granted leave to file an amended complaint within 28 days of the entry of this Order. If Johnson files an amended complaint, he must state the facts upon which he bases his claim simply and clearly in short, plain sentences. Johnson shall name the City of Chicago as defendant in any amended complaint. Information to assist pro se litigants is available at the Court's website at http://www.ilnd.uscourts.gov/ProSe.aspx.

ENTERED:

Dated: March 18, 2014

Andrea R. Wood
United States District Judge