**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| HAROLD JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 13-cv-04098 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| CITY OF CHICAGO, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Harold Johnson has sued the City of Chicago (the "City") for alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132 *et seq.*, the Rehabilitation Act, 29 U.S.C. § 794, and 42 U.S.C. § 1983. Johnson is an employee of the City's Department of Fleet Management (the "DOFM"). He claims that his employer discriminated against him based on his disability and retaliated against him for filing a prior disability discrimination lawsuit. Johnson's initial complaint was dismissed for failure to state a claim because he failed to plead facts and instead relied upon conclusory statements that he has suffered discrimination and retaliation at the hands of his employer. As it was unclear from the original complaint whether Johnson could state a viable claim, he was granted leave to file an amended complaint. Now before the Court is the City's motion to dismiss Johnson's amended complaint under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 48.) For the reasons stated below, the Court grants the City's motion but without prejudice. Johnson will be permitted one more opportunity to attempt to state a viable claim by filing a second amended complaint.

**BACKGROUND**

Johnson prepared the amended complaint presently before this Court using the form Complaint of Discrimination supplied by the Clerk's Office to which he has attached a copy of his Equal Employment Opportunity Charge ("EEOC Charge") dated January 17, 2013 and a statement of facts ("SOF") supporting his claim. (Dkt. No. 47.) In his amended complaint, Johnson alleges that on or about September 2, 2011, the DOFM discriminated against him because of his disability in violation of the ADA, the Rehabilitation Act, and § 1983, and also retaliated against him for filing a prior disability discrimination lawsuit in violation of the ADA and Rehabilitation Act. (SOF ¶ 4).

Specifically, Johnson alleges that in May 2010, he injured his neck, head, and shoulder when he hit his head on a lift while at work. (*Id.* ¶ 5.) As a result of this injury, Johnson was off work from May 2010 to March 2011. (*Id.* ¶10.) When he returned to work, he was assigned to light duty with no heavy lifting. (*Id.* ¶ 11.) Johnson alleges that from the point he was assigned to light duty, he was harassed by his manager, Mike Seals,[1] on a daily basis. (*Id.* ¶ 12.) On September 1, 2011, Johnson was sent to see a duty doctor who checked his shoulder and vision and determined that he was unfit for duty. (SOF ¶¶ 13-14.) Johnson further alleges that on September 23, 2011, Seals told him to clean out his locker and report to Paul Plantz. (*Id.* ¶ 15.) Plantz told Johnson that if he did not resign or take an unpaid leave of absence, he would be terminated. (*Id.* ¶ 16.) Johnson alleges that he was forced to take a leave of absence in retaliation for having settled a disability discrimination case involving the same employer in 2011. (*Id.* ¶ 17.) Johnson seeks relief for the alleged disability discrimination and retaliation in the form of punitive damages, missed wages, and consequential damages.

---

[1] Johnson refers to both a "Mike Seals" and a "Mike Sears" in his amended complaint. The Court assumes this is the same person.

**DISCUSSION**

The basic pleading requirement is set forth in Federal Rule of Civil Procedure 8(a)(2), under which a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating the sufficiency of a complaint, this Court must view it "in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). Because pleadings drafted by *pro se* litigants are not held to the same stringent standards as those prepared by lawyers, the allegations in Johnson's amended complaint must be liberally construed. *See Wyhh v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). The Court may also consider the allegations stated by Johnson in his EEOC Charge attached to his amended complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Loparco v. Vill. Of Richton Park*, No. 08 C 2747, 2008 WL 4696071, at *3 (N.D. Ill. Oct. 22, 2008) (considering contents of EEOC charge in ruling on a motion to dismiss).

**I.      Johnson's ADA Disability Discrimination and Retaliation Claims**

The Court first will address the question of whether Johnson's claims have been timely filed. Failure to bring a claim within the applicable statute of limitations is not typically a matter fit to be resolved by means of a Rule 12(b)(6) motion. However, "the statute of limitations defense may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Brooks v. Ross*, 578 F.3d 574, 579 (7th

Cir. 2009) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)); *see also Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (courts may properly dismiss a case before discuss on the basis of an affirmative defense).[2]

To bring a claim under the ADA, a plaintiff must first file a charge alleging the unlawful employment practice with the EEOC and receive a notice of right to sue. 42 U.S.C. § 2000e-5(e), (f). Since Illinois is a state with an equal opportunity agency, Johnson's charge must have been filed with that agency within 300 days of the employment action of which he complains. 42 U.S.C. § 2000e-5(e); *Doe v. Oberweis Dairy*, 456 F.3d 704, 708 (7th Cir. 2006). Johnson filed his EEOC Charge on January 17, 2013. In the EEOC Charge, Johnson claimed that the latest date on which his employer discriminated against him was January 17, 2013. He also checked the box indicating that the discrimination was a "Continuing Action."[3] Thus, Johnson may only bring a claim based on that charge for discrimination occurring after March 23, 2012, *i.e.*, 300 days prior to his EEOC filing.

In his amended complaint, however, Johnson does not make any factual allegations regarding events occurring later than his forced leave of absence in September 2011. While Rule 8(a)(2) does not require detailed factual allegations, Johnson has failed to allege any facts that, if "accepted as true . . . state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Although Johnson includes additional facts in his response

---

[2] Although the Seventh Circuit repeatedly has affirmed district court decisions granting Rule 12(b)(6) motions based on affirmative defenses when the facts supporting the defense are apparent on the face of the complaint, the Seventh Circuit has also cautioned that such motions are more properly brought under Rule 12(c) as motions for judgment on the pleadings. *See Brownmark*, 682 F.3d at 690 n.1.

[3] In his response to the City's motion to dismiss, Johnson suggests that he filed a separate charge with the EEOC in September 2011. However, there is no indication that a Right to Sue Letter was ever issued for that second EEOC charge; nor does Johnson claim that this lawsuit was filed within the required 90 days of receiving a Right to Sue Letter based upon that charge. Therefore, the Court's decision is based solely on the EEOC Charge Johnson filed on January 17, 2013.

brief that could conceivably bring his claim within the limitations period, a plaintiff may not amend his complaint through arguments in a brief. *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) (a court's determination of a motion to dismiss is "limited to the pleadings."). Furthermore, Johnson does not raise any argument that he is eligible for equitable estoppel or equitable tolling of the 300-day time limit for filing. *See Washburn v. Sauer Sundstrand, Inc.*, 909 F. Supp. 554, 559 (N.D. Ill. 1995) (describing the doctrines of equitable estoppel and equitable tolling in ADA cases).[4] Accordingly, Johnson's ADA discrimination claim is dismissed as untimely.

Johnson's retaliation claim also suffers from a timeliness problem. As the basis for this claim, Johnson alleges that on September 23, 2011 he was forced to take a leave of absence in retaliation for having settled a case against the same employer in 2011. (SOF ¶¶ 15-17.) The time period for filing a complaint with the EEOC begins to run when the employee "knows he has been injured." *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 240 (7th Cir. 2004). Accordingly, the 300-day period began to run on the date Johnson claims he was informed that he would be forced to take a leave of absence, *i.e.*, September 23, 2011. (SOF ¶¶ 15-17.) Since Johnson filed his charge with the EEOC on January 17, 2013, his charge was filed more than 300 days after he became aware of the alleged retaliation. Accordingly, Johnson's ADA retaliation claim also must be dismissed as untimely. If Johnson elects to replead, he should take care to ensure that his complaint clearly indicates what offensive conduct by the City—whether discrimination or retaliation—took place within the 300 days prior to his EEOC charge.

---

[4] Equitable estoppel tolls the limitations period for ADA claims where, "'the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations.'" *Washburn*, 909 F. Supp. at 559 (citing *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446 (7th Cir. 1990)). Equitable tolling allows a plaintiff to "avoid a time-bar if 'despite all due diligence he is unable to obtain vital information bearing on the existence of his claim.'" *Id.*

In additional to the timeliness issue, Johnson's ADA discrimination claim also suffers from another basic pleading deficiency similar to the one that required dismissal of his initial complaint. To state a claim for ADA discrimination, a plaintiff must allege: (1) he or she is disabled within the meaning of the ADA; (2) he or she is qualified to perform the essential functions of the job either with or without reasonable accommodation; and (3) he or she suffered from an adverse employment action because of the disability. *Kersting v. Wal–Mart Stores, Inc.*, 250 F.3d 1109, 1115 (7th Cir. 2001). An individual has a disability under the ADA if he or she suffers from "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(1).

In this case, Johnson alleges that when he returned to work after his 2010 injury, he was assigned to light duty with no heavy lifting. While lifting is considered a major life activity under the ADA, Johnson fails to allege that he has an impairment that substantially limits his ability to lift or that he has any other qualifying disability under the ADA. Johnson also has failed to plead that he is qualified to perform the essential functions of his job with or without reasonable accommodation. Therefore, even if Johnson had alleged an incident of discrimination that took place within the statute of limitations, the amended complaint would still fail to state a claim for disability discrimination.

## II.     Johnson's Rehabilitation Act Claim

Johnson's Rehabilitation Act claim fails as well. The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]" 29 U.S.C. § 794(a). To state a claim under the Rehabilitation Act, Johnson must allege (1) he is disabled as

defined by the Act; (2) he is otherwise qualified for the benefit or position sought; (3) he has been excluded from the benefit or position solely because of his disability; and (4) the benefit or position exists as part of a program or activity receiving federal financial assistance. *Burks v. Wis. Dep't of Transp.*, 464 F.3d 744, 755 (7th Cir. 2006); *see also Jackson v. City of Chicago*, 414 F.3d 806, 810 n.2 (7th Cir. 2005) (noting that a claim for relief under the Rehabilitation Act differs from the showing required under the ADA only in that a plaintiff must "make the additional showing that she was involved in a program which received federal financial assistance"). Here, as with his ADA discrimination claim, Johnson fails to allege that he has a qualifying disability. In addition, he also fails to allege that the City or the DOFM is a program or activity that receives federal financial assistance. Therefore, Johnson fails to state a claim under the Rehabilitation Act and that claim must be dismissed as well.

### III.     Johnson's Section 1983 Claim

A city or other municipality may be held liable under 42 U.S.C. § 1983 "when it violates constitutional rights via an official policy or custom." *Wragg v. Vill. of Thorton*, 604 F.3d 464, 467-68 (7th Cir. 2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). To state a claim under this legal theory, a plaintiff must plead factual content sufficient to permit a reasonable inference that the defendant maintained a policy, custom, or practice that proximately caused the alleged injuries. *McCauley v. City of Chicago,* 671 F.3d 611, 616 (7th Cir. 2011). A plaintiff may establish that his injury was caused by an official policy, custom, or practice in one of three ways: (1) by establishing that the injury was caused by an express policy that, when enforced, causes a constitutional deprivation; (2) by showing a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage within the force of law; or (3) by establishing that the

constitutional injury was caused by a person with final policymaking authority. *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000).

In his amended complaint, Johnson neither alleges that he suffered a constitutional injury nor that any such injury was caused by an express City policy, a permanent and well-settled widespread practice, or a person with final policymaking authority. All that the amended complaint says about Johnson's § 1983 claim is that "the Defendant discriminated against Plaintiff and violated . . . 42 USC & 1983." This is not sufficient even under notice pleading standards. To state a claim, Johnson must identify his constitutional injury and allege that it was caused by the City's policy, custom, or practice. Accordingly, Johnson's § 1983 claim against the City must be dismissed as well.[5]

## CONCLUSION

For the foregoing reasons, the Court dismisses the amended complaint in its entirety without prejudice. Johnson is granted leave to file a second amended complaint by May 18, 2015. In deciding whether to file a second amended complaint, Johnson should keep two things in mind. First, in dismissing the amended complaint, the Court expresses no opinion on the facts alleged in Johnson's brief in response to the motion to dismiss. Johnson is reminded that all facts he wishes the Court to consider in determining whether he has stated a claim must be part of the complaint; he cannot rely on motion briefing. Second, if Johnson fails a third time to state a viable claim, he will not be granted a fourth attempt. *See Stanard v. Nygren*, 658 F.3d 792, 801

---

[5] It is unnecessary to address the issue of punitive damages given the Court's dismissal of Johnson's claims. However, as Johnson is being granted leave to file a second amended complaint, it is worth noting that punitive damages may not be awarded in suits brought under § 202 of the ADA or § 504 of the Rehabilitation Act. *Barnes v. Gorman*, 536 U.S. 181, 189 (2002). Punitive damages are also unavailable for retaliation claims brought under the ADA. *Kramer v. Banc of Am. Secs., LLC*, 355 F.3d 961, 965 (7th Cir. 2004). Furthermore, municipalities are immune from punitive damages under 42 U.S.C. § 1983. *City of Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981). Thus, even if any of Johnson's claims had survived, he could not be awarded punitive damages for them.

(7th Cir. 2011) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)) ("Leave to replead need not be allowed in cases of 'repeated failure to cure deficiencies by amendments previously allowed.'").

ENTERED:

Dated: March 28, 2015

_____
Andrea R. Wood
United States District Judge