IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HAROLD JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 13-cv-04098 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINON AND ORDER**

Plaintiff Harold L. Johnson, proceeding *pro se*, is an employee of Defendant City of Chicago ("City"). Johnson alleges that the City discriminated against him on the basis of a shoulder injury and his impaired vision, both of which Johnson characterizes as disabilities. Johnson also alleges that the City retaliated against him for seeking an accommodation for those alleged disabilities. Consequently, Johnson brings claims for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12132 *et seq.*, the Rehabilitation Act, 29 U.S.C. §§ 794 *et seq.*, and the United States Constitution pursuant to 42 U.S.C. § 1983. (Second Am. Compl., Dkt. No. 68.) Before the Court is the City's motion to dismiss Johnson's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Dkt. No. 69.)[1] For the reasons explained below, the Court grants the motion in part and denies it in part.

---

[1] Although Johnson has styled his complaint "3rd Amended Complaint of Employment Discrimination," this is Johnson's actually second amended complaint and accordingly the City's motion to dismiss is titled "Defendant City of Chicago's Motion to Dismiss Plaintiff's Second Amended Complaint" (*See* Dkt No. 69.) For the purposes of this opinion, the Court refers to the operative complaint subject to the City's instant motion as the Second Amended Complaint.

## BACKGROUND

This lawsuit is not the first time Johnson has appeared in court to complain about the City's treatment of him and his injuries. According to a prior lawsuit, the City and Johnson's local of the International Brotherhood of Teamsters ("Union") began to discriminate against him on or about August 10, 2006. As a precursor to that prior lawsuit, Johnson filed a charge with the Equal Employment Opportunity Commission ("EEOC") against the Union on May 9, 2007 and, on August 18, 2008, he filed a charge with the EEOC against the City. On August 26, 2009, Johnson received from the EEOC two notices of his right to sue. On November 17, 2009, Johnson filed a complaint against, *inter alia*, the City and the Union. (Compl., *Johnson v. City of Chicago, et al.*, Case No. 09-cv-07224 (N.D. Ill.), Dkt. No. 1.) Johnson claimed that the City and the Union failed to accommodate reasonably Johnson's disabilities—specifically, his vision loss, his heart condition, and his problems with his shoulder and back—and that the City retaliated against Johnson because he asserted his rights protected by the ADA. (Second Am. Compl. ¶ 13, *Johnson v. City of Chicago, et al.*, Case No. 09-cv-07224 (N.D. Ill.), Dkt. No. 51.) On January 5, 2011, Johnson, the City, and the Union agreed to settle the case. (Order, *Johnson v. City of Chicago, et al.*, Case No. 09-cv-07224 (N.D. Ill.), Dkt. No. 83.)

Meanwhile, in May 2010, during the pendency of this earlier case, Johnson injured his shoulder at work. (Second Am. Compl. at 5 of 16, Dkt. No. 68.) As a result, he did not work between May 2010 and March 2011. (*Id.*) Upon his return, he was assigned to light duty with no heavy lifting. (Am. Compl. at 6 of 9, Dkt. No. 47.)[2] Thereafter, Johnson's manager harassed him. (*Id.*) On September 1, 2011, Johnson was sent to a duty doctor. The doctor checked his shoulder

---

[2] For purposes of factual exposition, the Court supplements the facts of the Second Amended Complaint with facts set forth in Johnson's first Amended Complaint (Dkt. No. 47).

and vision and determined that Johnson was unfit for duty. In retaliation for settling the earlier case, the City forced Johnson to take a leave of absence. (*Id.*).

Johnson filed his initial Complaint in this matter on June 3, 2013. (Dkt. No. 1.) The Court dismissed the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), citing his failure to plead any factual allegations to support his claims. (Memo. Op. & Order at 3, Dkt. No. 43.) Johnson then filed his first Amended Complaint. (Dkt. No. 47.) That complaint was subsequently dismissed as well. Johnson's first Amended Complaint was based on claims in his EEOC charge filed on January 17, 2013. (Second Am. Compl. at 7 of 16, Dkt. No. 68.) To bring a claim under the ADA, a plaintiff must first file a charge alleging the unlawful employment practice with the EEOC and receive a notice of right to sue. 42 U.S.C. § 2000e-5(e), (f). Because Illinois is a state with an equal opportunity agency, Johnson's charge had to be filed with that agency within 300 days of the employment action of which he complains. 42 U.S.C. § 2000e-5(e); *Doe v. Oberweis Dairy*, 456 F.3d 704, 708 (7th Cir. 2006). Since Johnson filed his EEOC Charge on January 17, 2013, his Complaint had to be based on claims occurring after March 23, 2012. But Johnson's first Amended Complaint alleged no events after September 2011. Thus, the Court dismissed Johnson's first Amended Complaint but granted him leave to replead once more. (Memo. Op. & Order at 8–9, Dkt. No. 61.)

The Second Amended Complaint alleges that Johnson requested a reasonable accommodation in April 2012, and the City denied that request in April 2012 and again in March 2013. (Second Am. Compl. at 5 of 16, Dkt. No. 68.) It further alleges that the City refused to rehire Johnson until Johnson's "doctor found his shoulder healed and rel[e]ased him to work," and even though that release occurred in November 2013, the City denied Johnson's application

until December 2013. (*Id.*) This alleged discrimination resulted in Johnson's loss of two years of income and seniority. (*Id.*)

## DISCUSSION

### I. Statute of Limitations

As an initial matter, Johnson's Second Amended Complaint has remedied the statute of limitations problem identified in the Court's prior ruling dismissing the first Amended Complaint, as he has alleged that the City engaged in unlawful employment practices during the required time period—*i.e.*, after March 23, 2012. For example, Johnson alleges that he was denied requests for reasonable accommodation of his shoulder injury in April 2012 and March 2013. Thereafter, according to Johnson, the City repeatedly refused to rehire him until his shoulder had completely healed and even then unreasonably delayed his rehire. (Second Am. Compl. at 5 of 16, Dkt. No. 68.) As this all occurred during the requisite time period, Johnson's claims based on these alleged violations by the City are not barred by the statute of limitations.

### II. Merits

The Court next turns to the City's argument that Johnson has not stated claims for which he is entitled to relief. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547 (2007). While the complaint need not include detailed factual allegations, there "must be enough to raise a right to relief above the speculative level." *Id.* at 555. The plaintiff must "'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 885 (7th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662

(2009)). The Court accepts all well-pleaded allegations in Johnson's complaint as true for purposes of the motion to dismiss. *See Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). That said, while a *pro se* complaint "is to be construed liberally and held to less stringent standards, . . . courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Yates v. John Marshall Sch.*, 2009 WL 1309516, at *2 (N.D. Ill. May 11, 2009) (internal quotation marks omitted) (quoting *Papsan v. Allain,* 478 U.S. 265, 286 (1986)).

**A.     Discrimination Claims under the ADA and Rehabilitation Act**

To plead a claim for discrimination under either the ADA or the Rehabilitation Act, Johnson must adequately allege: (1) he has a disability within the meaning of the statute; (2) he is otherwise qualified to perform the essential functions of his job with or without reasonable accommodation; and (3) his employer took adverse job actions against him because of the disability or failed to make reasonable accommodations. *E.E.O.C. v. United Parcel Serv., Inc.*, 2010 WL 3700704, at *2 (N.D. Ill. Sept. 10, 2010) (setting forth requirements under the ADA); *Blumenthal v. Murray*, 995 F. Supp. 831, 836 (N.D. Ill. 1998) (setting forth same core requirements under the Rehabilitation Act).

Johnson has alleged a disability: his permanently impaired vision and his injured left shoulder. (Second Am. Compl. at 5 of 16, Dkt. No. 68.) This impairment and injury plausibly limit substantially Johnson's ability to perform certain major life activities, as required to show a qualifying disability for purposes of the ADA. 29 C.F.R. § 1630.2(j)(1)(ii) (an impairment is a disability only if it "substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population"); 42 U.S.C. § 12102(2)(A) ("[M]ajor life activities include, but are not limited to, caring for oneself, ***performing manual tasks**, **seeing***, hearing, eating, sleeping, walking, standing, ***lifting***, bending, speaking, breathing,

learning, reading, concentrating, thinking, communicating, and working." (emphasis added)).

Next, Johnson has alleged that he was qualified to perform his tasks with a reasonable accommodation. (Second Am. Compl. at 5 of 16, Dkt. No. 68.) The City complains that Johnson's allegations are devoid of any factual basis and are merely conclusory. Though it is true that Johnson did not state in his allegations what was his requested accommodation, Johnson did attach to his Second Amended Complaint a letter, dated April 20, 2012, from Dr. Theresa McCarthy, who provided him medical rehabilitation care. (Second Am. Compl. at 8 of 16, Dkt. No. 68.) That letter explains the reasonable accommodation he sought as follows:

> [Johnson] is unable to perform lifting or overhead tasks above shoulder height with any weight more than 10 pounds without shoulder pain. He should also be limited in the amount of weight he carries to no more than occasionally 50 pounds. He is completing outpatient therapy and would need these restrictions incorporated in his job to return to work.

As such, Johnson's Second Amended Complaint, along with this attached letter, sets forth sufficient detail to satisfy Rule 8.

Finally, Johnson has also alleged that the City failed to make this reasonable accommodation for his disability, instead refusing to allow Johnson to work. (*Id.*) Thus, Johnson's discrimination claims under the ADA and Rehabilitation Act will survive the motion to dismiss.

B.   **Retaliation Claim under the ADA**

To state a claim for retaliation under the ADA, a plaintiff must allege: (1) that he engaged in a statutorily protected activity; (2) that he suffered an adverse employment action; and (3) that there was a causal link between the protected activity and the employer's action. *Prince v. Ill. Dep't of Revenue*, 73 F. Supp. 3d 889, 894 (N.D. Ill. 2010). Assuming, without deciding, that

Johnson engaged in activity that the statute protects and that he suffered an adverse employment action, he has not pleaded a causal link between the two.

The Second Amended Complaint makes no allegation of a causal link between any action taken by the City and Johnson's request for reasonable accommodations. In response to the motion to dismiss, Johnson states,

> [T]he retaliation claim of the plaintiff was documented in the plaintiff[']s] charge[] of discrimination dated January 17, 2013. Clearly in the charge one of the reason [*sic*] stated for the retaliation was a prior filing of a charge of retaliation . . . . The filing of charges [] is the protected act. The lack of accommodation is the adverse employment action.

(Pl.'s Answer to Def.'s Mot. to Dismiss Second Am. Compl. at 6 of 19, Dkt. No. 82.). But the Second Amended Complaint pleads no facts plausibly suggesting any causal connection between this prior charge and the denial of Johnson's request for reasonable accommodations. Johnson just references a letter attached to his Second Amended Complaint, from Kevin Murphy, Labor Relationships Supervisor, Department of Fleet and Facility Management, dated January 31, 2013. That letter reads in relevant part:

> The most recent medical documentation we have regarding your restrictions is the result of your fitness for duty medical evaluation from 2011. At that time the City of Chicago's medical provider determined that you were not fit for duty based on your permanent restrictions. The Department, based on the most recent medical documentation from 2011, continues to have concerns regarding your ability to perform all the essential functions of your position in a safe manner.
>
> If you wish to request potential reasonable accommodations for your position, you will need to provide us with recent medical documentation from your medical provider that clearly identifies your current medical restrictions and your ability to work safely in performing the essential functions of the position of a garage attendant.

(Second Am. Compl. at 6 of 16, Dkt. No. 68.) This document does not support Johnson's allegation that the City declined to reinstate Johnson or provide him with reasonable accommodation because he filed the prior charge. It does not even mention his prior charge. Rather, it merely explains why the City was standing by its decision not to reinstate him. Because Johnson has failed to set forth factual allegations that plausibly support a causal link between any action taken by the City and Johnson's request for reasonable accommodations, his claim for unlawful retaliation must be dismissed.

### C. Claims under § 1983

Finally, with respect to his claim under § 1983, the Second Amended Complaint does not set forth how the City violated Johnson's constitutional rights. In his response to the City's motion to dismiss, Johnson merely contends that City employees Kevin Murphy and Paul Plant had final policy-making authority to provide reasonable accommodation but declined to do so. (Pl.'s Answer to Def.'s Mot. to Dismiss Second Am. Compl. at 5 of 19, Dkt. No. 82.). However, this still fails to set forth a ***constitutional*** violation. The United States Constitution does not generally does not require workplace accommodations for the disabled, even if it is a public employer. *See Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 368 (2001) ("If special [workplace] accommodations for the disabled are to be required, they have to come from positive law and not through the Equal Protection Clause.") Rather, such protections and accommodations are the province of the ADA and the Rehabilitation Act. Thus, Johnson's claims are properly brought under those statutes, not under the Constitution. Johnson's claim under § 1983 is dismissed. *Jones v. Regional Transp. Auth.*, 2012 WL 2905797, at *6 (N.D. Ill. Jul. 16, 2012) (concluding that plaintiff was precluded from relying on § 1983 as a means to remedy an alleged ADA violation where no constitutional violation alleged).

**CONCLUSION**

For the reasons stated above, the City's motion to dismiss the Second Amended Complaint (Dkt. No. 69) is granted in part and denied in part. Specifically, Johnson's claim for retaliation under the ADA and his § 1983 claim are dismissed, but his claims for improper workplace discrimination under the ADA and Rehabilitation Act survive. At this stage in the proceedings, the Court *sua sponte* deems it prudent to reconsider the rulings at the outset of the case denying Johnson's motions for attorney representation. Accordingly, the Court will recruit *pro bono* counsel to represent Johnson in this matter. Johnson is advised, however, that his counsel's representation will be limited in scope to the surviving claims alleged in the Second Amended Complaint; the assignment of counsel is not an invitation for Johnson or his counsel to assert new claims.

ENTERED:

Dated: March 31, 2017

_____

Andrea R. Wood
United States District Judge